Dykman, J.
(dissenting) The legislature has relieved the commissioners of highways of this state from liability for damages to persons and property by reason of defective highways or bridges, and substituted the liability of the towns for such damages in cases in which such commissioners were formerly responsible. Chapter 'TOO, Laws of 1881.
This law is in allignment with the modem legislation which has invested the towns in this state with many of the attributes of municipal corporations. It substitutes the public purse for the personal liability of the highway commissioners, and furnishes the additional guarantee of vigilance which the responsibility of a corporation usually affords.
This action was commenced and prosecuted under that law for the recovery of damages sustained by the plaintiff by reason of the defective condition of one of the highways of the town of Ossining.
The cause was tried before a referee and the proof dis *410 closed a dangerous obstruction in the highway at the time and place of the accident.
Large stones had been placed in the gutter or water-way on the side of the road, and notice of the fact had been conveyed to the highway commissioners, and their failure and neglect to remove the same was destitute of excuse or palliation. If their vigilance and activity had been in corn-mensuration with their duty the accident would have been obviated and the town protected. Their official duties involved care and examination to prevent the highways in their town from falling into a state of dilapidation and danger, so that even a want of knowledge of deficiencies and obstruction is not of itself an excuse for failure to repair: Cousins v. Carncross, 21 Week. Dig., 435.
In this case the commissioners of highways were in possession of knowledge of the full extent of the obstruction, and had exerted only sufficient activity to notify the wrong doer to remove the obstructions within sixty days, and their negligence leaves them without excuse.
Their plea of want of funds is also insufficient for their justification. Chapter 442 of the Session Laws of 1865, makes it lawful for the commissioners of highways of the town, with the consent of the board of town auditors of the town, to cause the removal of the obstruction and the reparation of the highway, even though the requisite expenditure of money exceeded the sum authorized to be raised in the town for such purposes.
It became the duty of the commissioners, therefore, immediately upon the receipt of knowledge of the encroachment, instead of serving a notice and retiring to rest for sixty days to secure the consent of the town auditors of their town and remove the obstructions, and as their failure in diligence would have rendered them liable personally before the new statute imposing liability upon towns in such, cases, so their negligence, in that respect, now imposes liability upon the town under that statute. Warren v. Clement, 24 Hun, 412.
It appeared from the proof that the unlawful obstruction of the highway was the cause of the accident which resulted in the injury to the plaintiff, of which she complained in this action. •
The judgment should be reversed, the order of reference vacated and a new trial granted at the circuit, with costs to abide the event.